UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>GEORGE McKOY,<br><br>　Defendant. | 06-0003M<br>DAR |

**MEMORANDUM OF FINDINGS OF FACT
AND STATEMENT OF REASONS IN
SUPPORT OF ORDER OF DETENTION**

**I. INTRODUCTION**

Defendant is charged by criminal complaint with unlawful possession with intent to distribute cocaine base in violation of 21 U.S.C. § 841(a)(1). A consolidated preliminary hearing and detention hearing was commenced by the undersigned United States Magistrate Judge on January 9, 2006, and concluded on January 17, 2006.

Upon consideration of the evidence adduced at the hearing, the proffers and arguments of counsel and the entire record herein, the defendant was ordered held without bond pursuant to 18 U.S.C. § 3142(e). The findings of fact and statement of reasons in support of the Order of Detention follow.

**II. THE BAIL REFORM ACT**

The Bail Reform Act of 1984, 18 U.S.C. § 3141 et seq. (hereinafter "the Act"), provides, in pertinent part, that if a judicial officer finds by clear and convincing evidence that "no condition or combination of conditions will reasonably assure . . . the safety of any other person and the community, such judicial officer shall order the detention of the [defendant] before trial." 18 U.S.C. § 3142(e). Thus, danger to the community alone is a sufficient basis upon which to order pretrial detention. United States v. Salerno, 481 U.S. 739, 755 (1987); United States v.

United States v. McKoy                                                                                                                2

Perry, 788 F.2d 100, 113 (3d Cir.), cert. denied, 479 U.S. 864 (1986); United States v. Sazenski, 806 F.2d 846, 848 (8th Cir. 1986).

Where the government seeks pretrial detention on the ground that no condition or combination of conditions will reasonably assure the appearance of defendant as required, it has the burden of establishing by a preponderance of the evidence that the defendant will flee before trial if released. United States v. Vortis, 785 F.2d 327, 328-29 (D.C. Cir.), cert. denied, 479 U.S. 841 (1986). The judicial officer must determine that "it is more likely than not that no condition or combination of conditions will reasonably assure an accused's appearance." United States v. Westbrook, 780 F.2d 1185, 1188-89 (5th Cir. 1986).

In determining whether there are conditions of release which will reasonably assure the appearance of the person as required and the safety of any other person and the community, the judicial officer shall take into account the available information concerning (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) the defendant's history and characteristics; and (4) the nature and seriousness of the danger to any person or to the community which would be posed by the defendant's release. See 18 U.S.C. § 3142(g).

A rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of any other person and the community arises if the judicial officer finds that there is probable cause to believe that the defendant committed an offense under the Controlled Substances Act, 21 U.S.C. § 801 et seq., for which a maximum period of incarceration of ten years or more is prescribed. See 18 U.S.C. § 3142(e).

United States v. McKoy                                                                                                          3

### III.  DISCUSSION

The government's sole witness was Officer Jason Omo of the United States Park Police. Officer Omo testified that on January 3, 2006, he pulled Defendant over in a vehicle Defendant was operating in the vicinity of 34th Street and Dubois Place, S.E.  Officer Omo further testified that the car was searched, and that three ziplocks of an off-white rock-like substance and three ziplocks of a green plant substance were found in the center console.  From a backpack in the trunk of the car, a digital scale, more of the rock-like substance, a razor and empty ziplocks were recovered.  Traffic citations with the same tag number as the car, as well as mail with Defendant's name, were also recovered.  The off-white rock like substances field tested positive for cocaine base, and weighed a total of 151 grams.

In further support of the government's request for pretrial detention, counsel for the government proffered that the Pretrial Services Agency report indicates that the Defendant has had two prior convictions for conduct of the same nature as the current alleged offense.

Defendant submitted on probable cause.  In opposition to the government's motion for pretrial detention, counsel for Defendant initially proffered only that had not been convicted of any new crimes since his most recent term of probation expired in 1997.  Because the Pretrial Services Agency had not verified Defendant's biographical information and Defendant did not have a working telephone at that time, Defendant, though his counsel, moved to continue the detention hearing to January 17.  On January 17, Defendant's counsel proffered that Defendant's biographical information had been verified; that he now had a working telephone; and that he was eligible for the High Intensity Supervision Program.

United States v. McKoy                                                                                                                   4

## IV.  **FINDINGS OF FACT**

Upon consideration of the factors enumerated at Section 3142(g) of the Act, the undersigned finds by clear and convincing evidence that no condition of release or combination of conditions would reasonably assure the safety of the community.  First, the nature and circumstances of the offense charged indicate that defendant was actively engaged in the distribution of significant quantities of cocaine base.

Second, the undersigned finds, based upon the evidence elicited by the government, that the weight of the evidence against the defendant is compelling.

Third, while defendant has ties to the community, his history and characteristics militate against pretrial release.  Of particular significance is that defendant has two prior convictions for possession of cocaine with intent to distribute.

Finally, the undersigned is satisfied that the toll which trafficking in cocaine base has taken and continues to take upon this community is well-documented and need not be repeated here.  The undersigned finds that evidence of defendant's significant involvement in the distribution of cocaine demonstrates that his release would pose a danger to the community, and that he is not amenable to community supervision.

The undersigned finds that defendant's proffer, while arguably sufficient to rebut the presumption of fugitivity, is wholly insufficient to rebut the presumption of dangerousness, see United States v. Alatishe, 768 F.2d 364, 371 (D.C. Cir. 1985) or the direct evidence thereof.

United States v. McKoy 5

### V. CONCLUSION

On the basis of the foregoing findings of fact and reasons, defendant will be held without bond pursuant to the January 17, 2006 Order of Detention.

_____
DEBORAH A. ROBINSON
United States Magistrate Judge

   January 23, 2006
      DATE